UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                          Case No. 25-24251-SMG
                                                                Chapter 7
SAMI ITSHAIK

          Debtor.

_____/

**TRUSTEE'S MOTION TO APPROVE CARVEOUT
AGREEMENT WITH SECURED LENDER**

Chapter 7 Trustee, MARC P. BARMAT, pursuant to 11 U.S.C. §§ 105(a), 363, and 704, respectfully moves for entry of an order approving a carveout agreement (the "Carveout Agreement") with the secured lender, and states:

1.      This Motion seeks the bankruptcy court's approval of a carveout agreement entered into between the chapter 7 trustee and Valley National Bank regarding the sale of two Brooklyn Properties.

**BACKGROUND**

2.      On December 2, 2025, the Debtor filed a voluntary petition under Chapter 7 [Dkt. No. 1].

3.      On February 19, 2026, after being dismissed, the case was reinstated by order of this Court [Dkt No. 41].

4.      On March 25, 2026, the bankruptcy court entered an *Order Denying Mr. Shaun Itshaik's Emergency Motion to Dismiss* [Dkt. No.60].

5.      The Trustee is administering the estate pursuant to 11 U.S.C. § 704.

**BROOKLYN PROPERTIES**

6. The estate includes, among other things, the following two parcels of real property collectively referred to herein as the Brooklyn Properties:

 a. 1052 East 57th Street, Brooklyn, NY

 b. 1138 East 57th Street, Brooklyn, NY

7. A broker's opinion reflects approximate values of:

 a. $600,000 - $650,000 for 1052 East 57th Street

 b. $600,000 - $650,000 for 1138 East 57th Street

**Secured Debt on the Brooklyn Properties**

8. Valley National Bank ("VNB") filed a secured proof of claim in the amount of $7,183,126.17 (Proof of Claim No. 4), asserting a security interest in the Brooklyn Properties

9. VNB's secured debt exceeds the value of the Brooklyn Properties.

10. The Trustee has ordered a title and lien search to determine if there are any other liens on the Brooklyn Properties.

11. Absent a carveout, liquidation of the Brooklyn Properties would not yield any funds necessary to pay administrative expenses or a distribution to general unsecured creditors.

**TERMS OF THE CARVEOUT AGREEMENT**

12. The Trustee and VNB agree that upon the sale of the each of the Brooklyn Properties by the Trustee, the bankruptcy estate is entitled to a carveout equal to 15% of the gross sales proceeds of the each of the Brooklyn Properties, plus the Trustee's statutory fee as calculated under 11 U.S.C. §326(a) ("**Carveout**").

13.     VNB consents to the Carveout and the sale of the Brooklyn Properties pursuant to 11 U.S.C. § 363.

WHEREFORE, the Trustee respectfully requests this Honorable Court enter an order approving the carveout agreement, and granting such other relief as is just and proper.

Respectfully submitted this 14th day of April 2026.

FURR COHEN
*Attorneys for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

By: */s/ Marc P. Barmat*
    Marc P. Barmat, Esq.
    Florida Bar No.: 22365
    Email: mbarmat@furrcohen.com