UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

SAMI ITSHAIK

        Debtor.

Case No. 25-24251-SMG
Chapter 7

_____/

**TRUSTEE'S MOTION FOR ORDER TO SHOW CAUSE WHY DEBTOR SHOULD
NOT BE SANCTIONED FOR FAILURE TO CURE DEFICIENCIES
AND TO ATTEND § 341 MEETING OF CREDITORS**

Chapter 7 Trustee, Marc P. Barmat, respectfully moves the Court for entry of an order to show cause why the Debtor should not be sanctioned for failure to cure deficiencies and to attend the § 341 meeting of creditors (the "Motion") and states:

1.      On December 2, 2025, the Debtor filed a voluntary petition under Chapter 7[1].

2.      The meeting of creditors was initially scheduled for January 7, 2026[2].

3.      On December 2, 2025, the Clerk entered a *Notice of Incomplete Filings Due*, which set a December 16, 2025 deadline for the Debtor to cure certain deficiencies.

4.      On December 15, 2026 the Debtor filed *Debtor's Motion for Extension of Time to File Schedules, Statements and Other Documents*[3].

5.      On December 16, 2025, the Court entered an *Order Granting in Part and Denying in Party Debtors' Motion to Extend Time to Cure Filing Deficiencies*[4]. The order required the Debtor to file all missing schedules and documents as identified in the *Notice of Incomplete Filings Due*[5] on or before December 31, 2025.

---

[1] Dkt No. 1
[2] Dkt. No. 8
[3] Dkt No. 14
[4] Dkt No. 15
[5] Dkt No. 6

6.      On January 15, 2026, the Court entered an *Order Dismissing Case*[6] for the Debtor's failure to cure the following deficiencies:

> Official Bankruptcy Form 107, Statement of Financial Affairs for Individuals Filing for Bankruptcy
> Official Bankruptcy Form 122A–1, Chapter 7 Statement of Your Current Monthly Income and Means–Test Calculation or 122A–1Supp, Chapter 7 Means Test Exemption Attachment
> Debtor's Payment Advices

7.      On February 19, 2026, upon granting the Trustee's motion[7], the case was reinstated by order of this Court[8] ("Order Reinstating Chapter 7 Case").

8.      The Order Reinstating Chapter 7 Case ordered the Debtor to file, within 14 days of its order, i.e., by March 5, 2026, Bankruptcy Form 107 (Statement of Financial Affairs); Official Bankruptcy Form 122A-1 (Chapter 7 Means Test); and Payment advices.

9.      Thereafter, the §341 meeting of creditors was scheduled for March 31, 2026[9].

10.     On March 17, 2026, the Debtor, through his son, Shaun Itshaik filed an emergency motion to dismiss the chapter 7 case[10].

11.     On March 25, 2026, the bankruptcy court entered an *Order Denying Mr. Shaun Itshaik's Emergency Motion to Dismiss*[11].

12.     The Debtor failed to appear at the continued § 341 meeting of creditors scheduled for March 31, 2026.  The Trustee adjourned the § 341 meeting of creditors to April 21, 2026.  The Debtor failed to appear at the April 21, 2026 § meeting of creditors.  The Trustee, once again, has adjourned the § meeting of creditors to May 21, 2026 at 8:30 AM.

13.     The Trustee is administering the estate pursuant to 11 U.S.C. § 704.

---

[6] Dkt No. 25
[7] Dkt No. 30
[8] Dkt. No. 41
[9] Dkt. No. 43
[10] Dkt No. 47
[11] Dkt No. 60

14.     The Debtor has: (1) failed to appear at a properly noticed § 341 meeting of creditors; and (2) not complied with the Court's Order requiring the Debtor to file Bankruptcy Form 107 (Statement of Financial Affairs); Official Bankruptcy Form 122A-1 (Chapter 7 Means Test); and Payment advices.

15.     The Trustee requests the Court to order the Debtor to show cause why he should not be determined to be in civil contempt for failure to comply with the Court's order.

16.     The Trustee requests that if the Debtor fails to file Bankruptcy Form 107 (Statement of Financial Affairs); Official Bankruptcy Form 122A-1 (Chapter 7 Means Test); and Payment advices and to attend a § 341 meeting of creditors, the Court enter an order (1) authorizing the Trustee to conclude the meeting of creditors without the Debtor's appearance, and (2) make the following Findings of Fact: (a) the Debtor failed to keep or preserve recorded information in violation of 11 U.S.C. §727(a)(3); and (b) the Debtor refused and failed to obey a lawful order of the Court in violation of 11 U.S.C. 727(a)(6).

WHEREFORE, the Trustee respectfully requests this Honorable Court enter an order granting this motion as set forth herein, and granting such other relief as is just and proper.

FURR COHEN
*Attorneys for Trustee*
2255 Glades Road, Suite 419A
Boca Raton, Florida 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

By: */s/ Marc P. Barmat*
        Marc P. Barmat, Esq.
        Florida Bar No.: 22365
        Email: mbarmat@furrcohen.com