## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In Re:

SAMI ITSHAIK,

Debtor.

Case No. 25-24251-SMG
CHAPTER 7

_____/

### DECLARATION IN SUPPORT OF TRUSTEE'S MOTION
### TO APPROVE CARVEOUT AGREEMENT WITH SECURED LENDER

**I, BRUCE S. GOODMAN**, pursuant to 28 U.S.C. § 1746, declares the following:

1.    I am a member of Zeichner Ellman & Krause LLP ("**ZEK**"), attorneys for plaintiff-judgment creditor Valley National Bank ("**VNB**"). I make this declaration in support of the Chapter 7 Trustee Marc Barmat's motion for an Order approving a carveout agreement with VNB (the "**Trustee Motion**"), and in response to the Opposition of Shaun Itshaik ("**Shaun**"), filed on April 23, 2026 [ECF Doc. No. 92].

### I.    Introduction

2.    Debtor has misrepresented to this Court that three viable appeals seeking to vacate the Judgment rescinding Debtor's fraudulent transfer of two properties located Brooklyn, New York are pending. (Opposition of Shaun Itshaik, ¶¶ 30-34) This claim is not only patently incorrect, but also a misrepresentation designed to mislead this Court.

3.    As detailed below, Debtor's two appeals from the Order and Judgment unambiguously finding he fraudulently transferred two properties to trusts he controlled were dismissed with prejudice as a matter of New York law because Debtor failed to timely perfect them by filing a brief and the record.

1

4. Debtor's son Amit Itshaik's ("**Amit**") appeal of a separate Order denying Amit's motion to stay the Sheriff's sale of the properties pending determination of Debtor's appeals was rendered completely moot as result of their dismissal.

5. Accordingly, there is no valid basis to deny the Trustee's motion on based on the fictions that there are "pending appeals."

## II. Debtor's Appeals in the New York Fraudulent Transfer Action

6. VNB holds four New York judgments against Debtor in the aggregate amount of $7,288,713.59 (including accrued post-judgment interest) (the "**New York Money Judgments**").

7. Thereafter, ZEK represented VNB in an action filed against debtor Sami Itshaik ("**Debtor**"), and two trusts (the "**Trusts**") for which he served as Trustee, in the Supreme Court of the State of New York, Kings County (the "**New York Court**") captioned Valley National Bank v. Sami Itshaik, 1052 East 57th Street Trust, Sami Itshaik, Trustee, and 1138 East 57th Street Trust, Sami Itshaik, Trustee, Index No. 514761/2022 (the "**New York Fraudulent Transfer Action**").

8. VNB alleged in the New York Fraudulent Transfer Action that Debtor fraudulently transferred the two properties that are the subject of the Trustee Motion (the "**Brooklyn Properties**") to trusts under his control following his companies' default on their multi-million loans from VNB, for which Debtor gave VNB unlimited guaranties.

9. The New York Court conducted a bench trial (the "**New York Trial**") on April 22, 2025. On April 25, 2025, it issued a comprehensive Decision and Order (the "**New York Trial Decision**") in VNB's favor and against Debtor (i) unambiguously finding that Debtor fraudulently transferred the Brooklyn Properties to the Trusts, and (ii) voiding the purported deeds to the Brooklyn Properties that Debtor gave the Trusts. A copy of the New York Trial Decision is attached as **Exhibit A.**

2

10. On May 9, 2025, the New York Court filed an Order and Judgment on the New York Trial Decision (the "**New York Fraudulent Transfer Judgment**"). A copy of the New York Judgment is attached as **Exhibit B**.

11. Debtor filed Notices of Appeal from the New York Trial Decision and New York Fraudulent Transfer Judgment on May 22, 2025, Case No. 2025-7305, and May 23, 2025, Case No. 2025-7309, respectively (the "**New York Appeals**"). See **Exhibits A and B**.

12. Pursuant to New York's Uniform Practice Rules of the Appellate Division, absent an extension an appellant must perfect an appeal within six months of filing the Notice of Appeal by filing a brief and record.[1] A copy of the governing rule, 22 N.Y.C.R.R. § 1250.9(a), is attached as **Exhibit C**.

13. If an appellant does not perfect the appeal within six months, or as extended, the appeal is automatically dismissed without further action by the court.[2] A copy of the governing rule, 22 N.Y.C.R.R. § 1250.10(a), is attached as **Exhibit D**.

14. Thus, Debtor was required to perfect the New York Appeals by filing a brief and the record not later than November 22, 2025, and November 23, 2025, respectively. Debtor requested and obtained an extension of time to perfect the New York Appeals to January 22, 2026. Copies of Debtor's extension requests are attached as **Exhibit E**.

15. Nevertheless, Debtor failed to perfect the New York Appeals by the extended perfection date.

---

[1] "Except where the court has directed that an appeal be perfected by a particular time, an appellant shall file with the clerk within six months of the date of the notice of appeal or order granting leave to appeal:…(1) if employing the reproduced full record method, an original and five hard copies of a reproduced full record, an original and five hard copies of appellant's brief, and one digital copy of the record and brief, with proof of service of one hard copy of the record and brief upon each other party to the appeal…" 22 N.Y.C.R.R. § 1250.9(a),

[2] "In the event that an appellant fails to perfect a civil matter within six months of the date of the notice of appeal…as extended pursuant to section 1250.9(b) of this Part, the matter shall be deemed dismissed without further order." 22 N.Y.C.R.R. § 1250.10(a).

3

16.     Accordingly, because Debtor abandoned his appeals of the New York Trial Decision and New York Fraudulent Transfer Judgment by failing to perfect them, they are deemed dismissed with prejudice as a matter of law. See Bray v. Cox., 38 N.Y.2d 350, 353, 379 N.Y.S.2d 803, 805 (N.Y. Court of Appeals 1976).

### III.     The Amit Itshaik Moot Appeal

17.     Following the New York Court's issuance of the New York Fraudulent Transfer Judgment, VNB proceeded to levy and execute against the Brooklyn Properties in partial satisfaction of the New York Money Judgments. The Sheriff initially scheduled a sale of the Properties for October 1, 2025.

18.     On September 29, 2025, Debtor's son Amit Itshaik ("**Amit**"), a non-party to the New York Fraudulent Transfer Action, filed a last-minute application to stay the Sheriff's sale pending determination of the New York Appeals.

19.     By Order issued October 17, 2025 (the "**October 17, 2025 Order**"), the New York Court decisively denied the application and unambiguously rejected Amit's request that the Sheriff's sale be stayed pending determination of the New York Appeals. A copy of the October 17, 2025 Order is attached as **Exhibit F.**

20.     Amit filed a Notice of Appeal from the October 17, 2025 Order on November 21, 2025, Case No. 2025-13940. Id.[3]

21.     Thus, because the New York Appeals were dismissed with prejudice in January 2026 on account of Debtor's failure to timely perfect them, Amit's appeal from the October 17, 2025 Order, denying his application to stay the Sheriff's sale pending determination of the New York

---

[3]     To date, Amit has failed to perfect his appeal.

4

Appeals, is rendered moot as a matter of law. The New York Appeals have been conclusively adjudicated against Debtor.

## IV.  Conclusion

22.  Accordingly, Shaun is incorrect when he states that "[t]hree appeals are currently pending." Debtor's appeals were dismissed with prejudice as a matter of law, rendering Amit's appeal moot. The Court should reject Shaun's opposition in its entirety.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of April, 2026.

Bruce S. Goodman, Esq., Pro Hac Vice
Valley National Bank
Zeichner Ellman & Krause LLP
730 Third Avenue
New York, NY 1-17
bgoodman@zeklaw.com
New York Bar No. 4228060

5