SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

VALLEY NATIONAL BANK,

                    Plaintiff,

        -against-

SAMI ITSHAIK, 1052 EAST 57TH STREET
TRUST, SAMI ITSHAIK, TRUSTEE, and 1138
EAST 57TH STREET TRUST, SAMI ITSHAIK,
TRUSTEE,

                    Defendants.

-------------------------------------------------------------------X

           Index No: 514761/2022

           **NOTICE OF APPEAL**

**PLEASE TAKE NOTICE**, that Defendants SAMI ITSHAIK, 1052 EAST 57TH STREET

TRUST, SAMI ITSHAIK, TRUSTEE, and 1138 EAST 57TH STREET TRUST, SAMI ITSHAIK,

TRUSTEE, hereby appeal to the Appellate Division of the Supreme Court of the State of New

York, Second Judicial Department from each and every part of the within Trial Decision and Order

dated April 25, 2025 and filed in the Kings County Clerk's Office on April 25, 2025.

Dated: Forest Hills, New York
       May 22, 2025

                          **POLTIELOV & HABIB, LLP**

                        __/s/ R. Ariel Poltielov_____
                        By: R. Ariel Poltielov, Esq.
                        *Attorneys for Defendants*
                        118-21 Queens Boulevard, Ste 603
                        Forest Hills, New York 11375
                        Tel: 718-520-0155
                        Ariel@FBLawyersNY.com

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department
Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced, or as amended. | For Court of Original Instance |
|---|---|
| Valley National Bank, <br><br> - against - <br><br> Sami Itshaik, 1052 East 57th Street Trust, Sami Itshaik, Trustee, and 1138 East 57th Street Trust, Sami Itshaik,, Trustee | Date Notice of Appeal Filed |
| | For Appellate Division |

### Case Type

- ☒ Civil Action
- ☐ CPLR article 75 Arbitration
- ☐ Action Commenced under CPLR 214-g
- ☐ CPLR article 78 Proceeding
- ☐ Special Proceeding Other
- ☐ Habeas Corpus Proceeding

### Filing Type

- ☒ Appeal
- ☐ Original Proceedings
  - ☐ CPLR Article 78
  - ☐ Eminent Domain
  - ☐ Labor Law 220 or 220-b
  - ☐ Public Officers Law § 36
  - ☐ Real Property Tax Law § 1278
- ☐ Transferred Proceeding
  - ☐ CPLR Article 78
  - ☐ Executive Law § 298
- ☐ CPLR 5704 Review

### Nature of Suit: Check up to three of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☐ Administrative Review | ☐ Business Relationships | ☐ Commercial | ☐ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ☐ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☒ Real Property (other than foreclosure) | ☐ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement - Civil

Case 25-24251-SMG    Doc 101-2    Filed 04/27/26    Page 3 of 45

| Appeal | |
|---|---|
| Paper Appealed From (Check one only): | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. |

☐ Amended Decree          ☐ Determination          ■ Order          ☐ Resettled Order
☐ Amended Judgement      ☐ Finding                ☐ Order & Judgment   ☐ Ruling
☐ Amended Order          ☐ Interlocutory Decree   ☐ Partial Decree     ☐ Other (specify):
☐ Decision               ☐ Interlocutory Judgment ☐ Resettled Decree
☐ Decree                 ☐ Judgment               ☐ Resettled Judgment

| Court: | Supreme Court | County: | Kings |
|---|---|---|---|
| Dated: | 04/25/2025 | Entered: | 4/28/2025 |
| Judge (name in full): Hon. Reginald A. Boddie | | Index No.: 514761/2022 | |
| Stage: ☐ Interlocutory ■ Final ☐ Post-Final | | Trial: ■ Yes ☐ No   If Yes: ☐ Jury ■ Non-Jury | |

### Prior Unperfected Appeal and Related Case Information

Are any appeals arising in the same action or proceeding currently pending in the court?          ☐ Yes ■ No

If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.

Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:

### Original Proceeding

| Commenced by: ☐ Order to Show Cause ☐ Notice of Petition ☐ Writ of Habeas Corpus | Date Filed: |
|---|---|
| Statute authorizing commencement of proceeding in the Appellate Division: | |

### Proceeding Transferred Pursuant to CPLR 7804(g)

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Order of Transfer Date: | |

### CPLR 5704 Review of Ex Parte Order:

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Dated: | |

### Description of Appeal, Proceeding or Application and Statement of Issues

Description: If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding. If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

Appeal from a Trial Decision and Order dated April 25, 2025 and entered April 28, 2025.

Informational Statement - Civil

Issues: Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review, the grounds for reversal, or modification to be advanced and the specific relief sought on appeal.

The court erred in failing to find that the duly acknowledged deeds were not subject to debtor/creditor's law. The defendants did not convey or otherwise transfer title in anticipation of any claims by the plaintiffs. For these and other reasons, the plaintiff failed to establish its prima facie case. To this end, no burden shifted to the defendants. The action should be have been dismissed.

Relief Sought: An order vacating the Trial Decision and Order dated April 25, 2025, and remanding the case for a new trial.

## Party Information

Instructions: Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any. If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

| No. | Party Name | Original Status | Appellate Division Status |
|-----|-----------|-----------------|---------------------------|
| 1 | Valley National Bank | Plaintiff | Respondent |
| 2 | Sami Itshaik | Defendant | Appellant |
| 3 | 1052 East 57th Street Trust, Sami Itshaik, Trustee | Defendant | Appellant |
| 4 | 1138 East 57th Street Trust, Sami Itshaik, Trustee | Defendant | Appellant |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Informational Statement - Civil

## Attorney Information

Instructions: Fill in the names of the attorneys or firms for the respective parties. If this form is to be filed with the notice of petition or order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided. In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

| | |
|---|---|
| **Attorney/Firm Name:** Poltielov & Habib, LLP | |
| **Address:** 118-21 Queens Blvd., Suite 603 | |

| City: Forest Hills | State: NY | Zip: 11375 | Telephone No: 718-520-0085 |
|---|---|---|---|

E-mail Address: Ariel@FBLawyersNY.com

Attorney Type: ☑ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice

Party or Parties Represented (set forth party number(s) from table above): 2,3,4

| | |
|---|---|
| **Attorney/Firm Name:** Zeichner Ellman & Krause LLP | |
| **Address:** 730 Third Avenue | |

| City: New York | State: NY | Zip: 10017 | Telephone No: 212-223-0400 |
|---|---|---|---|

E-mail Address: BGoodman@ZekLaw.com

Attorney Type: ☑ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice

Party or Parties Represented (set forth party number(s) from table above): 1

| | |
|---|---|
| **Attorney/Firm Name:** | |
| **Address:** | |

| City: | State: | Zip: | Telephone No: |
|---|---|---|---|

E-mail Address:

Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice

Party or Parties Represented (set forth party number(s) from table above):

| | |
|---|---|
| **Attorney/Firm Name:** | |
| **Address:** | |

| City: | State: | Zip: | Telephone No: |
|---|---|---|---|

E-mail Address:

Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice

Party or Parties Represented (set forth party number(s) from table above):

| | |
|---|---|
| **Attorney/Firm Name:** | |
| **Address:** | |

| City: | State: | Zip: | Telephone No: |
|---|---|---|---|

E-mail Address:

Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice

Party or Parties Represented (set forth party number(s) from table above):

| | |
|---|---|
| **Attorney/Firm Name:** | |
| **Address:** | |

| City: | State: | Zip: | Telephone No: |
|---|---|---|---|

E-mail Address:

Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice

Party or Parties Represented (set forth party number(s) from table above):

Informational Statement - Civil

Case 25-24251-SMG    Doc 101-2    Filed 04/27/26    Page 6 of 45

At an IAS Commercial Term Part 12, of the
Supreme Court of the State of New York,
held in and for the County of Kings, at the
Courthouse, located at 360 Adams Street,
Borough of Brooklyn, City and State of New
York, on the 25th day of April 2025.

P R E S E N T :
Honorable Reginald A. Boddie, JSC
-------------------------------------------------------------x,

Valley National Bank,                                    Index No. 514761/2022

                          Plaintiff,

        -against-                                        **Trial Decision and Order**

Sami Itshaik, 1052 East 57th Street Trust, Sami
Itshaik, Trustee, 1138 East 57th Street Trust, Sami
Itshaik, Trustee,
                          Defendants.
-------------------------------------------------------------x

The within action involves a dispute between Valley National Bank, hereinafter "Plaintiff"

or "VNB," and Sami Itshaik, individually, and as representative of 1052 East 57th Street Trust and

1138 East 57th Street Trust, hereinafter "Trusts" and collectively "Defendants." In brief, Plaintiff

alleges that after providing Itshaik and his cab companies substantial loans of approximately $4.7

million dollars, which Itshaik personally guaranteed, Itshaik and his companies defaulted. It is

further alleged that after the bank obtained numerous judgments against Itshaik, personally, as well

as his cab companies, in a separate action under Index No. 65548/2020, in the New York County

Commercial Division (Cohen, J.), he caused fraudulent Trust deeds to be filed with the City

Register in an attempt to disclaim his ownership of the properties (hereinafter Properties) located

at 1052 East 57th Street and 1138 East 57 Street, in Brooklyn, which VNB considered to be

additional collateral for the loans. Defendants contend the subject Trust documents for the

1

Case 25-24251-SMG   Doc 101-2   Filed 04/27/26   Page 7 of 45

Properties are legitimate, were recorded years later, in error, and that Itshaik never owned the "Properties" outright, and therefore Plaintiff's requested relief should be denied.

Plaintiff commenced this action on May 19, 2022, alleging various claims against the Defendants pursuant to the Debtor and Creditor Law, seeking to void and set aside the subject transfers, and for costs and attorneys' fees. Specifically, Plaintiff alleged seven causes of action pursuant to the New York Debtor & Creditor Law ("NYDCL").

On the First Cause of Action, Plaintiff alleges, pursuant to NYDCL § 273 (a)(1), with respect to the 1052 Property, the trust received the transfer pursuant to a deed which Itshiak concealed and kept secret from his creditors, including VNB, and that the transfer was intended to hinder delay or defraud VNB. Therefore, VNB is entitled to a judgment avoiding and setting the transfer aside. The Second Cause of Action, pursuant to NYDCL § 273(a)(1), alleges the same claims with respect to the 1138 Property.

The Third Cause of Action, pursuant to NYDCL § 273 (a)(2), alleges Itshaik's transfer of the 1052 Property to the Trust was made for less than reasonably equivalent value and at the time he was engaged or about to be engaged in a business or transaction for which his remaining assets were unreasonably small in relation to the business or transaction, and believed or reasonably believed he would incur debts beyond his ability to pay, mandating the voiding or setting aside the transfer. The Fourth Cause of Action asserts the same claims as to the 1138 Property.

The Fifth Cause of Action, pursuant to NYDCL § 274, alleges with respect to the 1052 Property, the transfer is voidable as to VNB because it was made without receiving a reasonably equivalent value and rendered Itshaik insolvent, entitling VNB to have the transfer voided or set aside. The Sixth Cause of Actions asserts the same claims as to the 1138 Property.

2

The Seventh Cause of Action, pursuant to NYDCL § 276-a, seeks attorney's fees related to this action. Defendants answered and denied the allegations.

This matter was tried at a bench trial on April 22, 2025. The parties stipulated to the admission of documents, herein referred to as Exhibits 1 through 42, in evidence. Thereafter, Maria Gugliuzza, an employee and loan officer of Valley National Bank testified, that she is personally familiar with the loans and was often involved in processing the documents related to same. She averred that Itshaik has been a customer of VNB for several years and refinanced loans in 2011, 2013 and 2017, as represented as by Exhibits 34, 35, 36 and 37.

In 2017, loans for Sami Express Cab Corp., Shamuely Cab Corp., Tarzan Cab Corp., and Top Express Cab Corp., were refinanced using two taxi medallions per corporation as collateral. Itshaik continued as the signed guarantor (Exh 37:110). For all of the relevant loans, Itshaik represented that he was the sole owner of the two properties in dispute, and that they were rental units. According to Gugliuzza, VNB relied on these representations in approving the loans, as evidenced by the Underwriting Analysis, in Exhibit 34, at VNB 0013, referencing his ownership of a condo in Florida and four properties in Brooklyn. The 2017 loan documents and Underwriting Analysis similarly relied on the real estate holdings (Exh. 36). Gugliuzza testified that Itshaik also represented in his 2015 personal tax return, Schedule E, that he was the owner of the properties and received rental income (Exh. 11). Relying on these representations, VNB loaned Itshaik and his businesses $4,796,000; an alleged increase of 1.2 million over his previous loan amount.

Gugliuzza stated Itshaik never mentioned a Trust or any Correction Deed, and that the Bank learned of the alleged Correction Deeds only after the cab companies and Itsshaik defaulted in March 2020. The Bank thereafter filed related cases in New York County seeking payment on the loans and obtained judgments totaling approximately 5 million dollars (Exhs. 23-26).

3

On cross examination, Defendants elicited testimony that the witness is not aware whether VNB checked the property recordings at the time of the loans. However, Gugliuzza acknowledged the deed from Esther Itshaik, his wife, to Sammy Itshaik, individually, dated November 24, 2003, as relates to the 1052 East 57th Street property, was filed December 2003 (Exh 1). The Correction Deed for this property also dated November 24, 2003, purporting to name Sammi Itshaik as trustee was filed on or about May 7, 2020, several months after the default. Defendants also offered Exhibit 5, an alleged Trust Agreement, as further evidencing the existence of a Trust. Gugliuzza also acknowledged the deed pertaining to 1138 East 57th Street, conveying the property to Sammy Itshaik, individually, was dated November 24, 2003, and filed December 3, 2003 (Exh 3). The Correction Deed purporting to name Itshaik as trustee for the property was also dated November 24, 2003 and was filed May 19, 2020, also several months after the default (Exh. 4). Gugliuzza stated the Correction Deeds were only shown to her after commencement of the lawsuits.

On re-direct, Gugliuzza testified that although the original and Correction Deeds were alleged to have been made on the same day, the Correction Deeds were filed nearly seventeen years after the alleged transfer, and only after default on the loans. It was also noted that although Itshaik noted in a previous affidavit to the Court that the original deeds were made in error and corrected the same day, the alleged Trust deeds and documents bear the signature and name of a different notary. Further, no tax returns or other documents were offered for the alleged Trusts.

Scott Ackerman, the former accountant for Itshaik and his cab companies also testified, virtually. Ackerman stated he was the accountant for Itshaik and his businesses for many years, until 2017. He provided the subject tax returns in response to a subpoena. He stated that he never prepared a Trust document for Defendants. In preparing the tax documents, it was his practice to obtain the information directly from Itshaik and his son Shaun. Itshaik never objected to any of

4

the tax filings. The subject properties were listed on each of the tax returns reviewed for 2012 through 2016 on Schedule E as personally owned by Itshaik as rental properties (Exhs 8,11, 12.13,14). Itshaik also listed the Properties as his own in the personal financial statements which he provided to the accountant which included values for the Properties (Exh 7). The court observed that Schedule E, Part III, on the 2016 tax return, admitted as Exhibit 8, failed to include any entry for income or loss from Estates and Trusts. Additionally, Scheduled E, Part III, for the 2015 and remaining returns were missing. Ackerman stated he was unaware of any tax returns filed after 2016.

Plaintiff also read the deposition testimony of Itshaik taken on May 26, 2023. Itshaik stated that his wife passed in or about 2007. He denied remembering the facts relating to the signing of the various deeds, but acknowledged his signature on the original deeds. Itshaik testified no sales ever took place regarding the Properties and he never tendered any money. He denied memory of the transfer of deeds and properties in a Trust the same day or the filing of deeds nearly twenty years after the first filing. He stated there is a Trust tax return but denied knowing the location. After, he stated "maybe yes and maybe no" when asked if a Trust tax return was filed for the subject properties. He stated the rents from 1138 East 57 Street were deposited into his personal accounts of unknown location, and he did not know where the rents were deposited for 1052 E 57th Street. Itshaik denied that Ackerman is his accountant, but stated that he knows him. He stated he did not file taxes since 2016. Itshaik stated he owned 100% of 1052 E 57 Street as of June 1, 2002 and 1138 East 57th Street in 2013. He claimed 1138 East 57th is now owned by his children since 2016, although he reported the income as his own on the 2016 tax return.

Thereafter, Plaintiff rested. Defendants failed to call any witnesses to testify in opposition and also rested.

## Findings of Fact

After hearing and weighing the testimony, and full consideration of the documents offered in evidence, the Court finds the testimony of Gugliuzza and Ackerman entirely credible, and the deposition testimony of Itshaik not credible. The Court further finds VNB loaned Itshaik, as guarantor, and his cab companies approximately 4.7 million dollars, and that Itshaik was the sole owner of the 1052 and 1138 Properties during the relevant periods of the transactions with VNB, as represented in the loan documents, his tax returns, and his financial statements. However, after his default on the VNB loans in March 2020, he caused the creation of fake correction deeds of the Properties to Trusts with the intent to avoid payment of the loans, and filed same with the New York City Register on May 19, 2020, just months after the default on payments to VNB. Plaintiff thereafter obtained judgments against Itshaik, individually, as guarantor, and his cab companies, totaling approximately 5 million dollars, which they are entitled to collect, and which the Defendants have failed or refused to pay.

## Discussion

NYDCL § 274 provides as follows:

a) A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

(b) A transfer made by a debtor is voidable as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

(c) Subject to subdivision (b) of section two hundred seventy-one of this article, a creditor making a claim for relief under subdivision (a) or (b) of this section has the burden of proving the elements of the claim for relief by a preponderance of the evidence.

6

Plaintiff's Fifth and Sixth Causes of Action allege entitlement to relief pursuant to NYDCL § 274, on the grounds that the transfer to the Trusts were made without equivalent value and rendered Itshaik insolvent, entitling VNB to have the transfers rendered void. Plaintiff however failed to offer any proof at trial to establish that the transactions rendered Itshaik insolvent, an essential element of the statute. Therefore, Plaintiff's Fifth and Sixth Causes of Action are dismissed.

VNB also alleges entitlement to relief pursuant to NYDCL § 273 (a)(1) and (a) (2). NYDCL § 273 (a)(1) and (a)(2) provide as follows:

(a) A transfer made or obligation incurred by a debtor is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
(1) with actual intent to hinder, delay or defraud any creditor of the debtor; or
(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
(i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
(ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

The factors to be weighed in determining intent are set forth in NYDCL § 273 (b), which states the following:

(b) In determining actual intent under paragraph one of subdivision (a) of this section, consideration may be given, among other factors, to whether:
(1) the transfer or obligation was to an insider;
(2) the debtor retained possession or control of the property transferred after the transfer;
(3) the transfer or obligation was disclosed or concealed;
(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(5) the transfer was of substantially all the debtor's assets;
(6) the debtor absconded;
(7) the debtor removed or concealed assets;
(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

7

(10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.

Further, NYDCL § 273 (c) provides that "A creditor making a claim for relief under subdivision (a) of this section has the burden of proving the elements of the claim for relief by a preponderance of the evidence."

Plaintiff here has established its entitlement to relief by a preponderance of the evidence, both pursuant to NYDCL § 273 (a)(1) and (2). The Defendants owed VNB an outstanding debt, totaling approximately 5 million dollars, based on judgments obtained in the related court action. The subject transfers to the alleged Trusts were made after default on the loans to avoid collection by VNB of an outstanding debt with the intent to hinder or delay collection, or defraud a debtor, and without receiving a reasonably equivalent value, in exchange for the transfer. It is also evident that Itshaik, at the time of the transfers, believed or reasonably believed he and his companies would incur debts beyond the ability to pay as they became due [*see* NYDCL § 273 (a)(1) and (2)].

The Court, in rendering its determination carefully reviewed and considered the criteria for determining intent set forth in NYDCL § 273 (b). Most of the indicia of intent are present here. The transfer was to Itshaik himself as Trustee, an insider, without payment of any value. Itshaik was to retain possession or control of the properties. The purported transfer with reference to the Correction Deeds to the Trusts was concealed until the date of his default on the VNB loans. Itshaik also sought to remove or conceal his assets, including the failure to file his most recent tax returns, and denied that Ackerman was his accountant. It is evident that transfers occurred shortly after a substantial debt was incurred, the debtor was sued by VNB, and defaults were obtained on the loans. In response, Itshaik sought to conceal his ownership of the Properties. Accordingly, Plaintiff's claims for relief on its First, Second, Third and Fourth Causes of Action, brought

8

pursuant to NYDCL § 273 (a)(1) and (2), is granted. Plaintiff's request for statutory attorney's fees, as asserted in its Seventh Cause of Action, pursuant to NYDCL § 276a, is also granted.

## Conclusion

Based on the foregoing; it is hereby

ORDERED that Plaintiff is granted judgment on its First, Second, Third, Fourth and Seventh Causes of Action,

ORDERED that the Fifth and Sixth Causes of Action are dismissed,

ORDERED that the Correction Deeds as to 1052 East 57 Street, Brooklyn, NY, and 1138 East 57th Street, Brooklyn, NY, are deemed void, and shall be vacated and set aside by the City Register,

ORDERED that pending the vacating and setting aside of the Correction Deeds for the Properties located at 1052 East 57th Street and 1138 East 57th Street, in Brooklyn, NY, the Correction Deeds are void and of no effect as to the debts owed to Valley National Bank,

ORDERED that Plaintiff shall submit proof of the attorney's fees sought with relevant affidavits, and other records, within thirty days hereof,

ORDERED that any other arguments presented that have not been expressly addressed here have been considered and denied, and it is further,

ORDERED that Plaintiff may exercise any and all of its rights and remedies pursuant to NYDCL § 276, including a levy on the transferred assets or its proceeds.

ENTER,

_____

Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

9

Case 25-24251-SMG    Doc 101-2    Filed 04/27/26    Page 15 of 45

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X       Index No: 514761/2022
VALLEY NATIONAL BANK,

                                    Plaintiff,

        -against-
                                                                          **AFFIRMATION OF
                                                                          SERVICE**

SAMI ITSHAIK, 1052 EAST 57TH STREET
TRUST, SAMI ITSHAIK, TRUSTEE, and 1138
EAST 57TH STREET TRUST, SAMI ITSHAIK,
TRUSTEE,

                                    Defendant(s).
------------------------------------------------------------------X

        R. Ariel Poltielov, an attorney admitted to practice before the Courts of the State of New

York, affirms the following under penalty of perjury:

1.  I am counsel for Defendants in the above-entitled action.
2.  I reside in the State of New York, and I am not a party to the within action.
3.  On May 22, 2025, I served the following:
    **Notice of Appeal, Informational Statement and Trial Decision and Order**
    On the attorneys for the Plaintiff VIA NYSCEF

Bruce S. Goodman, Esq.
Zeichner Ellamn & Krause LLP
730 Third Avenue
New York, NY 10017
*Attorneys for Plaintiff*

Dated: Forest Hills, New York
       May 22, 2025

                        **POLTIELOV & HABIB, LLP**

                        __/s/ R. Ariel Poltielov_____
                        R. Ariel Poltielov, Esq.
                        *Attorneys for Defendants*
                        118-21 Queens Boulevard, Suite 603
                        Forest Hills, New York 11375
                        718-520-0085

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.: 514761/2022

VALLEY NATIONAL BANK,

Plaintiff(s),

- against -

SAMI ITSHAIK, 1052 EAST 57TH STREET
TRUST, SAMI ITSHAIK, TRUSTEE, and 1138
EAST 57TH STREET TRUST, SAMI ITSHAIK,
TRUSTEE,

Defendant(s).

**Notice of Appeal, Informational Statement and Trial Decision and Order**

**POLTIELOV & HABIB, LLP**
*Attorneys for Defendants*
**118-21 Queens Boulevard, Suite 603**
**Forest Hills, NY 11375**
**Tel.: 718-520-0085**

**ATTORNEY CERTIFICATION**

I, R. Ariel Poltielov, Esq., hereby certify, under penalty of perjury, and as an officer of the court, that to the best of my knowledge, information and belief, formed after an inquiry reasonably under the circumstances, the presentation of the papers or the contentions herein are not frivolous as defined in 22 NYCRR Section 130-1.1(c).

Dated:    Forest Hills, New York
          May 22, 2025

/s/ R. Ariel Poltielov
R. Ariel Poltielov, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

VALLEY NATIONAL BANK,

                    Plaintiff,

        -against-

SAMI ITSHAIK, 1052 EAST 57TH STREET
TRUST, SAMI ITSHAIK, TRUSTEE, and 1138
EAST 57TH STREET TRUST, SAMI ITSHAIK,
TRUSTEE,

                  Defendants.

-------------------------------------------------------------------X

Index No: 514761/2022

**NOTICE OF APPEAL**

      **PLEASE TAKE NOTICE**, that Defendants SAMI ITSHAIK, 1052 EAST 57TH STREET

TRUST, SAMI ITSHAIK, TRUSTEE, and 1138 EAST 57TH STREET TRUST, SAMI ITSHAIK,

TRUSTEE, hereby appeal to the Appellate Division of the Supreme Court of the State of New

York, Second Judicial Department from each and every part of the within Order and Judgment

dated May 7, 2025 and filed in the Kings County Clerk's Office on May 9, 2025.

Dated: Forest Hills, New York
       May 23, 2025

                        **POLTIELOV & HABIB, LLP**

                          /s/ R. Ariel Poltielov
                    By: R. Ariel Poltielov, Esq.
                    *Attorneys for Defendants*
                    118-21 Queens Boulevard, Ste 603
                    Forest Hills, New York 11375
                    Tel: 718-520-0155
                    Ariel@FBLawyersNY.com

# Supreme Court of the State of New York
# Appellate Division: Second ▪ Judicial Department

Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced, or as amended. | For Court of Original Instance |
|---|---|
| Valley National Bank,<br><br>- against -<br><br>Sami Itshaik, 1052 East 57th Street Trust, Sami Itshaik, Trustee, and 1138 East 57th Street Trust, Sami Itshaik, Trustee | Date Notice of Appeal Filed |
| | For Appellate Division |

| Case Type | | Filing Type | |
|---|---|---|---|
| ■ Civil Action | ☐ CPLR article 78 Proceeding | ■ Appeal | ☐ Transferred Proceeding |
| ☐ CPLR article 75 Arbitration | ☐ Special Proceeding Other | ☐ Original Proceedings | ☐ CPLR Article 78 |
| ☐ Action Commenced under CPLR 214-g | ☐ Habeas Corpus Proceeding | ☐ CPLR Article 78 | ☐ Executive Law § 298 |
| | | ☐ Eminent Domain | ☐ CPLR 5704 Review |
| | | ☐ Labor Law 220 or 220-b | |
| | | ☐ Public Officers Law § 36 | |
| | | ☐ Real Property Tax Law § 1278 | |

**Nature of Suit:** Check up to three of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☐ Administrative Review | ☐ Business Relationships | ☐ Commercial | ☐ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ☐ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ■ Real Property (other than foreclosure) | ☐ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement - Civil

| Appeal | | | |
|---|---|---|---|
| Paper Appealed From (Check one only): | | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. | |

| | | | |
|---|---|---|---|
| ☐ Amended Decree | ☐ Determination | ☐ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ■ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☐ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

| | | |
|---|---|---|
| Court: Supreme Court | County: Kings | |
| Dated: 05/07/2025 | Entered: 05/09/2025 | |
| Judge (name in full): Hon. Reginald A. Boddie | Index No.: 514761/2022 | |
| Stage: ☐ Interlocutory ■ Final ☐ Post-Final | Trial: ■ Yes ☐ No    If Yes: ☐ Jury ■ Non-Jury | |

| Prior Unperfected Appeal and Related Case Information |
|---|

Are any appeals arising in the same action or proceeding currently pending in the court?    ☐ Yes ■ No
If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.

Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:

| Original Proceeding |
|---|

| | |
|---|---|
| Commenced by: ☐ Order to Show Cause ☐ Notice of Petition ☐ Writ of Habeas Corpus | Date Filed: |
| Statute authorizing commencement of proceeding in the Appellate Division: | |

| Proceeding Transferred Pursuant to CPLR 7804(g) |
|---|

| | |
|---|---|
| Court: Choose Court | County: Choose County |
| Judge (name in full): | Order of Transfer Date: |

| CPLR 5704 Review of Ex Parte Order: |
|---|

| | |
|---|---|
| Court: Choose Court | County: Choose County |
| Judge (name in full): | Dated: |

| Description of Appeal, Proceeding or Application and Statement of Issues |
|---|

Description: If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding. If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

Appeal from Order and Judgment dated May 7, 2025 and entered May 9, 2025.

Informational Statement - Civil

Issues:  Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review, the grounds for reversal, or modification to be advanced and the specific relief sought on appeal.

The court erred in failing to find that the duly acknowledged deeds were not subject to debtor/creditor's law.  The defendants did not convey or otherwise transfer title in anticipation of any claims by the plaintiffs.   For these and other reasons, the plaintiff failed to establish its prima facie case.  To this end, no burden shifted to the defendants.  The action should be have been dismissed.

Relief Sought:  An order vacating the Order and Judgment dated May 7, 2025, and remanding the case for a new trial.

## Party Information

Instructions:  Fill in the name of each party to the action or proceeding, one name per line.  If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any.  If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

| No. | Party Name | Original Status | Appellate Division Status |
|---|---|---|---|
| 1 | Valley National Bank | Plaintiff | Respondent |
| 2 | Sami Itshaik | Defendant | Appellant |
| 3 | 1052 East 57th Street Trust, Sami Itshaik, Trustee | Defendant | Appellant |
| 4 | 1138 East 57th Street Trust, Sami Itshaik, Trustee | Defendant | Appellant |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Informational Statement - Civil

## Attorney Information

Instructions:  Fill in the names of the attorneys or firms for the respective parties.  If this form is to be filed with the notice of petition or order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided.  In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

| Attorney/Firm Name: | Poltielov & Habib, LLP | | | |
|---|---|---|---|---|
| Address: 118-21 Queens Blvd., Suite 603 | | | | |
| City: Forest Hills | State: NY | Zip: 11375 | Telephone No: 718-520-0085 | |
| E-mail Address: Ariel@FBLawyersNY.com | | | | |
| Attorney Type: ■ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice | | | | |
| Party or Parties Represented (set forth party number(s) from table above): 2,3,4 | | | | |
| Attorney/Firm Name:  Zeichner Ellman & Krause LLP | | | | |
| Address: 730 Third Avenue | | | | |
| City: New York | State: NY | Zip: 10017 | Telephone No: 212-223-0400 | |
| E-mail Address: BGoodman@ZekLaw.com | | | | |
| Attorney Type: ■ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice | | | | |
| Party or Parties Represented (set forth party number(s) from table above): 1 | | | | |
| Attorney/Firm Name: | | | | |
| Address: | | | | |
| City: | State: | Zip: | Telephone No: | |
| E-mail Address: | | | | |
| Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice | | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | | |
| Attorney/Firm Name: | | | | |
| Address: | | | | |
| City: | State: | Zip: | Telephone No: | |
| E-mail Address: | | | | |
| Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice | | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | | |
| Attorney/Firm Name: | | | | |
| Address: | | | | |
| City: | State: | Zip: | Telephone No: | |
| E-mail Address: | | | | |
| Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice | | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | | |
| Attorney/Firm Name: | | | | |
| Address: | | | | |
| City: | State: | Zip: | Telephone No: | |
| E-mail Address: | | | | |
| Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice | | | | |
| Party or Parties Represented (set forth party number(s) from table above): | | | | |

Informational Statement - Civil

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

VALLEY NATIONAL BANK,                                    Index No.: 514761/2022

                                    Plaintiff,

                - against -                              **ORDER AND**
                                                        **JUDGMENT**
SAMI ITSHAIK, 1052 EAST 57TH STREET TRUST,
SAMI ITSHAIK, TRUSTEE, 1138 EAST 57TH
STREET TRUST, SAMI ITSHAIK, TRUSTEE,

                                    Defendants.

**WHEREAS**, plaintiff Valley National Bank ("**VNB**") commenced this action on May 19, 2022, asserting causes of action against defendants Sami Itshaik, 1052 East 57th Street Trust, Sami Itshaik, Trustee, and 1138 East 57th Street Trust, Sami Itshaik, Trustee, pursuant to New York Debtor and Creditor Law § 273(a)(1) (First and Second Causes of Action), New York Debtor and Creditor Law § 273(a)(2) (Third and Fourth Causes of Action), New York Debtor and Creditor Law § 274 (Fifth and Sixth Causes of Action, and New York Debtor and Creditor Law § 276-a (Seventh Cause of Action), for the issuance of a Judgment avoiding and setting aside the transfer of properties located respectively at 1052 East 57th Street Brooklyn, New York, bearing the tax map designation Block 7804, Lot 62 (the "**1052 East 57th Street Property**"), and 1138 East 57th Street, Brooklyn, New York, bearing the tax map designation Block 7836, Lot 60 (the "**1138 East 57th Street Property**," and together with the 1052 East 57th Street Property, the "**Properties**"), pursuant to certain Correction Deeds, and declaring that Judgments issued by the Supreme Court of the State of New York, County of New York in favor of

VNB and against defendant Sami Itshaik in actions captioned <u>Valley National Bank v. Tarzan Cab Corp., Sami Itshaik, and 412 Express Management Corp.</u>, Index No. 655149/2020, <u>Valley National Bank v. Shamuely Cab Corp., Sami Itshaik, and 412 Express Management Corp.</u>, Index No. 655246/2020, <u>Valley National Bank v. Sami Express Cab Corp., Sami Itshaik, and 412 Express Management Corp.</u>, Index No. 655248/2020, and <u>Valley National Bank v. Top Express Corp., Sami Itshaik, and 412 Express Management Corp.</u>, Index No. 655304/2020 (collectively, the "**Underlying Judgments**") are liens against the Properties, and for an award of attorneys' fees; and

**WHEREAS**, the Court conducted a bench trial on April 22, 2025; and

**WHEREAS**, by Trial Decision and Order issued on April 25, 2025, and entered on April 28, 2025, the Court granted Judgment in favor of VNB and against Defendants on the First, Second, Third, Fourth, and Seventh Causes of Action, and dismissed the Fifth and Sixth Causes of Action;

**NOW**, upon motion of Zeichner Ellman & Krause LLP, attorneys for Plaintiff Valley National Bank, it is hereby

**ORDERED, ADJUDGED AND DECREED** that Plaintiff Valley National Bank, located at 1455 Valley Road, Wayne New Jersey, have judgment against defendant Sami Itshaik, residing at 3988 194th Lane, Golden Beach, Florida 33160, defendant 1052 East 57th Street Trust, Sami Itshaik, Trustee, with an address of 1052 East 57th Street, Brooklyn, New York 11234, and defendant 1138 East 57th Street Trust, Sami

Itshaik, Trustee, with an address of 1138 East 57th Street, Brooklyn, New York 11234, on the First, Second, Third, Fourth and Seventh Causes of Action of the Complaint for the relief specified below; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Fifth and Sixth Causes of Action of the Complaint are dismissed; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Correction Deeds concerning the properties located at 1052 East 57th Street, Brooklyn, New York, Block 7804, Lot 62, and 1138 East 57th Street, Brooklyn, New York, Block 7836, Lot 60, are declared void and of no effect as to debts owed by defendant Sami Itshaik to plaintiff Valley National Bank; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Correction Deed recorded on May 19, 2020 in the Office of the City Register of the City of New York concerning the property located at 1052 East 57th Street, Brooklyn, New York, Block 7804, Lot 62, as CRFN 202000149459, is deemed void, vacated and set aside, and upon the filing of a certified copy of this Judgment with the New York City Register and payment of any recording fees the New York City Register is directed to mark its records accordingly; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Correction Deed recorded on May 19, 2020 in the Office of the City Register of the City of New York concerning the property located at 1138 East 57th Street, Brooklyn, New York, Block

7836, Lot 60, as CRFN 202000151538, is deemed void, vacated and set aside, and upon the filing of a certified copy of this Judgment with the New York City Register and payment of any recording fees the New York City Register is directed to mark its records accordingly; and it is further

**ORDERED, ADJUDGED AND DECREED** that plaintiff Valley National Bank may exercise any and all of its rights and remedies pursuant to New York Debtor and Creditor Law § 276, including levying the properties located at 1052 East 57th Street, Brooklyn, New York, Block 7804, Lot 62, and 1138 East 57th Street, Brooklyn, New York, Block 7836, Lot 60, or their proceeds; and it further

**ORDERED, ADJUDGED AND DECREED** that plaintiff Valley National Bank is entitled to an award of its attorneys' fees and costs in an amount to be determined by the Court; and it further

**ORDERED** that Clerk of the Court is directed to enter this Judgment.

**FILED**

2025 MAY 09 AM 9:48

**KINGS COUNTY CLERK**

FEE _____

Judgment entered this 7 day of May , 2025

SO ORDERED:

_____
HON. REGINALD A. BODDIE, J.S.C.

HON. REGINALD A. BODDIE
J.S.C.

_____
CLERK

4911-3544-3260, v. 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X        Index No: 514761/2022
VALLEY NATIONAL BANK,

                              Plaintiff,

      -against-

                                       **AFFIRMATION OF**
                                       **SERVICE**

SAMI ITSHAIK, 1052 EAST 57TH STREET
TRUST, SAMI ITSHAIK, TRUSTEE, and 1138
EAST 57TH STREET TRUST, SAMI ITSHAIK,
TRUSTEE,

                            Defendant(s).
------------------------------------------------------------------X

        R. Ariel Poltielov, an attorney admitted to practice before the Courts of the State of New

York, affirms the following under penalty of perjury:

1. I am counsel for Defendants in the above-entitled action.
2. I reside in the State of New York, and I am not a party to the within action.
3. On May 23, 2025, I served the following:
   **Notice of Appeal, Informational Statement and Order and Judgment**
   On the attorneys for the Plaintiff VIA NYSCEF

   Bruce S. Goodman, Esq.
   Zeichner Ellamn & Krause LLP
   730 Third Avenue
   New York, NY 10017
   *Attorneys for Plaintiff*

Dated: Forest Hills, New York
      May 23, 2025

                             **POLTIELOV & HABIB, LLP**

                        __/s/ R. Ariel Poltielov_____
                        R. Ariel Poltielov, Esq.
                        *Attorneys for Defendants*
                        118-21 Queens Boulevard, Suite 603
                        Forest Hills, New York 11375
                        718-520-0085

SUPREME COURT OF THE STATE OF NEW YORK          Index No.: 514761/2022
COUNTY OF KINGS

VALLEY NATIONAL BANK,

                              Plaintiff(s),

            - against -

SAMI ITSHAIK, 1052 EAST 57TH STREET
TRUST, SAMI ITSHAIK, TRUSTEE, and 1138
EAST 57TH STREET TRUST, SAMI ITSHAIK,
TRUSTEE,

                              Defendant(s).

**Notice of Appeal, Informational Statement and Order and Judgment**

**POLTIELOV & HABIB, LLP**
*Attorneys for Defendants*
**118-21 Queens Boulevard, Suite 603**
**Forest Hills, NY 11375**
**Tel.: 718-520-0085**

## ATTORNEY CERTIFICATION

I, R. Ariel Poltielov, Esq., hereby certify, under penalty of perjury, and as an officer of the court, that to the best of my knowledge, information and belief, formed after an inquiry reasonably under the circumstances, the presentation of the papers or the contentions herein are not frivolous as defined in 22 NYCRR Section 130-1.1(c).

Dated:    Forest Hills, New York
          May 23, 2025

                        /s/ R. Ariel Poltielov ___ _____
                        R. Ariel Poltielov, Esq.



**User Name:** Bruce Goodman

**Date and Time:** Friday, April 24, 2026 3:59 PM EDT

**Job Number:** 282560829

## Document (1)

1. *22 NYCRR § 1250.9*

   **Client/Matter:** 001327-0001

   **Search Terms:**

   **Search Type:** Natural Language

   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | | -None- |

 | About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2026 LexisNexis

Bruce Goodman

*22 NYCRR § 1250.9*

This document reflects those changes received from the NY Bill Drafting Commission through April 17, 2026

*NY - New York Codes, Rules and Regulations > TITLE 22. JUDICIARY > SUBTITLE B. COURTS > CHAPTER IV. SUPREME COURT > SUBCHAPTER E. ALL DEPARTMENTS > PART 1250. PRACTICE RULES OF THE APPELLATE DIVISION*

## § 1250.9 Time, number and manner of filing of records, appendices and briefs

(a) Appellant's filing. Except where the court has directed that an appeal be perfected by a particular time, an appellant shall file with the clerk within six months of the date of the notice of appeal or order granting leave to appeal:

(1) if employing the reproduced full record method, an original and five hard copies of a reproduced full record, an original and five hard copies of appellant's brief, and one digital copy of the record and brief, with proof of service of one hard copy of the record and brief upon each other party to the appeal; or

(2) if employing the appendix method, an original, five hard copies and one digital copy of appellant's brief and appendix, with proof of service of one hard copy of the brief and appendix upon each other party to the appeal, and either:

(i) in the First and Second Judicial Departments, proof of service of a subpoena upon the clerk of the court of original instance requiring all documents constituting the record on appeal to be filed with the clerk of the Appellate Division, or

(ii) in the Third and Fourth Judicial Departments, a digital copy of the complete record.

(3) if employing the agreed statement in lieu of record method, an original and five hard copies of the agreed statement in lieu of record as provided in *CPLR 5527*, an original and five hard copies of appellant's brief, and one digital copy of the agreed statement and the brief, with proof of service of one hard copy of the agreed statement and brief upon each other party to the appeal; or

(4) if perfecting on the original record, an original and five hard copies and one digital copy of appellant's brief, with proof of service of one hard copy of the brief upon each other party to the appeal and either:

(i) in the First and Second Judicial Departments, proof of service of a subpoena upon the clerk of the court of original instance requiring all documents constituting the record on appeal to be filed with the clerk of the Appellate Division, or

(ii) in the Forth Judicial Department, a hard copy of the complete record.

(5) In the First and Second Judicial Departments, where a subpoena is required to be served upon the clerk of the court of original instance pursuant to sections 1250.9(a)(2)(i) and 1250.9(a)(4)(i) of this Part, the clerk from whom the papers are subpoenaed shall compile the

original papers constituting the record on appeal and cause them to be transmitted to the clerk of the court, together with a certificate listing the papers constituting the record on appeal and stating whether all such papers are included in the papers transmitted.

**(b)** Extension of time to perfect appeal. Except where the court has directed that the appeal be perfected by a particular time, the parties may stipulate, or in the alternative an appellant may apply by letter, on notice to all parties, to extend the time to perfect an appeal up to 60 days. Any such stipulation shall be filed with the court. The appellant may thereafter apply by letter, on notice to all parties, to extend the time to perfect by up to an additional 30 days. Any further application for an extension of time to perfect the appeal shall be made by motion.

**(c)** Respondent's filing. The respondent on an appeal shall file with the clerk within 30 days of the date of service of the appellant's submissions or, in the First Judicial Department, in accordance with the court's published terms calendar:

**(1)** under the full record method, the agreed statement in lieu of record method, or when perfecting on the original record, an original and five hard copies and one digital copy of the respondent's brief, with proof of service of one hard copy of the brief upon each party to the appeal; or

**(2)** under the appendix method, an original and five hard copies and one digital copy of the respondent's brief and appendix, if any, with proof of service of one hard copy of the brief and appendix, if any, upon each party to the appeal.

**(d)** Appellant's reply. The appellant shall file with the clerk an original, five hard copies and one digital copy of the appellant's reply brief, with proof of service of one hard copy of the brief upon each party to the matter, within 10 days of the date of service of the respondent's submissions or, in the First Judicial Department, in accordance with the court's published terms calendar.

**(e)** Pro se or unrepresented parties shall be exempt from the requirement of the filing of a digital copy of any brief or other document.

**(f)** Cross appeals; concurrent appeals from single order or judgment; consolidation of appeals from multiple orders or judgments. (1) Cross appeals. In a cross appeal:

**(i)** The appealing parties shall consult and make best efforts to stipulate to a briefing schedule. In the First Judicial Department, if the parties fail to stipulate to an alternative briefing schedule, the cause shall be perfected in accordance with the court's published terms calendar, and shall not be governed by the time parameters set forth in subparagraphs (iv) through (vi);

**(ii)** The appealing parties shall file a joint record or joint appendix certified as provided in section 1250.7(g) of this Part and shall share equally the cost of that record or appendix;

**(iii)** The party that first perfects the appeal shall be denominated the appellant-respondent;

**(iv)** A respondent-appellant's answering brief shall include the points of argument on the cross appeal and, unless the parties have stipulated otherwise, shall be filed and served within 30 days after service of the first appeal brief;

**(v)** An appellant-respondent's reply brief shall include the points of argument in response to the cross-appeal and, unless the parties have stipulated otherwise, shall be filed and served within 30 days after service of the answering brief;

**(vi)** Unless the parties have stipulated otherwise, a respondent-appellant's reply brief, if any, shall be served within 10 days after service of appellant's reply brief.

**(2)** Concurrent appeals from a single order or judgment. In concurrent appeals, the appellants shall perfect the appeals together, without motion, in the period measured from the date of the latest notice of appeal. The appellants shall file a joint record or joint appendix certified as provided in section 1250.7(g) of this Part and shall share equally the cost of that record or appendix.

**(3)** Appeals from multiple orders or judgments. When an appellant takes appeals from multiple orders and judgments arising out of the same action or proceeding, the appellant may perfect the appeals together, without motion and upon a single record or appendix, provided that each appeal is perfected in a timely manner pursuant to this Part.

**(4)** Absent an order of the court, appeals from orders or judgments in separate actions or proceedings cannot be consolidated but may, upon written request of a party, be scheduled by the court to be heard together on the same day.

**(g)** Extensions of time to file and serve responsive briefs. Except where the court has directed that answering or reply briefs be served and filed by a particular time, an extension of time to serve and file such briefs may be obtained as follows:

**(1)** By initial stipulation or application. The parties may stipulate or a party may apply by letter on notice to all parties to extend the time to file and serve an answering brief by up to 30 days, and to file a reply brief by up to 10 days. Not more than two such stipulations or applications shall be permitted. A stipulation shall not be effective unless promptly filed with the court. Any further application shall be made by motion. In the First Judicial Department, extensions by stipulation shall be filed by a date set forth in the court's published terms calendar, and shall put a matter over to any later term other than the June Term.

**(2)** By motion. A party may move to extend the time to file and serve a brief.

**(h)** Leave to file oversized brief. An application for permission to file an oversized brief shall be made to the clerk by letter stating the number of words or pages by which the brief exceeds the limits set forth in this section and the reasons why submission of an oversized brief is necessary. The letter shall be accompanied by a copy of the proposed brief and printing specification statement.

**(i)** Constitutionality of state statute. Where the constitutionality of a statute of the State is involved in a matter in which the State is not a party, the party raising the issue shall serve a copy of the brief upon the Attorney General of the State of New York, and file proof of service with the court. The Attorney General may thereupon intervene in the appeal.

## Statutory Authority

**Section statutory authority:**

*Civil Practice Law & Rules, § 5527*

## History

Added 1250.9 on 10/31/18.

NEW YORK CODES, RULES AND REGULATIONS

**End of Document**



**User Name:** Bruce Goodman

**Date and Time:** Friday, April 24, 2026 4:09 PM EDT

**Job Number:** 282562120

## Document (1)

1. *22 NYCRR § 1250.10*

   **Client/Matter:** 001327-0001

   **Search Terms:**

   **Search Type:** Natural Language

   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | | -None- |

| About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2026 LexisNexis

Bruce Goodman

### 22 NYCRR § 1250.10

This document reflects those changes received from the NY Bill Drafting Commission through April 17, 2026

*NY - New York Codes, Rules and Regulations  >  TITLE 22. JUDICIARY  >  SUBTITLE B. COURTS  > CHAPTER IV. SUPREME COURT  >  SUBCHAPTER E. ALL DEPARTMENTS  >  PART 1250. PRACTICE RULES OF THE APPELLATE DIVISION*

## § 1250.10 Dismissal of a matter

**(a)**  Civil matters. In the event that an appellant fails to perfect a civil matter within six months of the date of the notice of appeal, the order of transfer, or the order granting leave to appeal, as extended pursuant to section 1250.9(b) of this Part, the matter shall be deemed dismissed without further order.

**(b)**  Criminal matters. The court upon its own motion or the motion of a respondent may dismiss a criminal appeal pursuant to *CPL 470.60*.

**(c)**  Motion to vacate dismissal. When an appeal or proceeding has been deemed dismissed pursuant to subdivision (a) or by order of the court for failure to perfect, a motion to vacate the dismissal may be made within one year of the date of the dismissal. In support of the motion, the movant shall submit an affidavit setting forth good cause for vacatur of the dismissal, an intent to perfect the appeal or proceeding within a reasonable time, and sufficient facts to demonstrate a meritorious appeal or proceeding.

## History

Added 1250.10 on 10/31/18.

NEW YORK CODES, RULES AND REGULATIONS

**End of Document**

Bruce Goodman

FILED: APPELLATE DIVISION – 2ND DEPT 11/07/2025 04:52 PM

NYSCEF DOC. NO. 5                                    RECEIVED NYSCEF: 11/07/2025

2025-07305

**POLTIELOV LAW FIRM P.C.**

R. Ariel Poltielov, Esq.
118-21 Queens Blvd. Suite 603
Forest Hills, NY 11375
Tel: 718-520-0085
Fax: 347-809-3811
Ariel@FBLawyersNY.com

November 7, 2025

**VIA NYSCEF**
Darrell M. Joseph
Clerk of the Court
Appellate Division, Second Department
45 Monroe Place
Brooklyn, New York 11201

Re:     Valley National Bank v. Sami Itshaik, et al.
        Supreme Court of the State of New York, County of Kings
        Index No.: 514761/2022
        **Appellate Docket: 2025-07305**

Dear Honorable Clerk of the Court:

        This office is counsel to the defendants-appellants, Sami Itshaik, 1052 East 57th Street Trust, Sami Itshaik, Trustee, and 1138 East 57th Street Trust, Sami Itshaik, Trustee ("Appellant") in the Appeal. We write pursuant to Section 1250.9(b) of the Practice Rules of the Appellate Division to request a sixty (60) day enlargement of time, from November 22, 2025, through and including January 22, 2026, to perfect the Appeal.

        This is Appellant's first request.  Thank you for your time and attention.

                                        Very truly yours,

                                        /s/ R. Ariel Poltielov_____
                                        R. Ariel Poltielov, Esq.

Cc: Via NYSCEF
Bruce S. Goodman, Esq.
Zeichner Ellman & Krause LLP
730 Third Avenue
New York, NY 10017

FILED: APPELLATE DIVISION - 2ND DEPT 11/07/2025 04:54 PM

NYSCEF DOC. NO. 5                                                          RECEIVED NYSCEF: 11/07/2025

2025-07309

R. Ariel Poltielov, Esq.                **POLTIELOV LAW FIRM P.C.**                118-21 Queens Blvd. Suite 603
Forest Hills, NY 11375
Tel: 718-520-0085
Fax: 347-809-3811
Ariel@FBLawyersNY.com

November 7, 2025

**VIA NYSCEF and Email**
Darrell M. Joseph
Clerk of the Court
Appellate Division, Second Department
45 Monroe Place
Brooklyn, New York 11201

    Re:    Valley National Bank v. Sami Itshaik, et al.
                Supreme Court of the State of New York, County of Kings
                Index No.: 514761/2022
                **Appellate Docket: 2025-07309**

Dear Honorable Clerk of the Court:

This office is counsel to the defendants-appellants, Sami Itshaik, 1052 East 57th Street Trust, Sami Itshaik, Trustee, and 1138 East 57th Street Trust, Sami Itshaik, Trustee ("Appellant") in the Appeal. We write pursuant to Section 1250.9(b) of the Practice Rules of the Appellate Division to request a sixty (60) day enlargement of time, from November 22, 2025, through and including January 22, 2026, to perfect the Appeal.

This is Appellant's first request. I thank you for your time and attention.

Very truly yours,

/s/ R. Ariel Poltielov
R. Ariel Poltielov, Esq.

Cc: Via NYSCEF
Bruce S. Goodman, Esq.
Zeichner Ellman & Krause LLP
730 Third Avenue
New York, NY 10017

FILED: APPELLATE DIVISION - 2ND DEPT 11/21/2025 11:15 AM

2025-13940

NYSCEF DOC. NO. 1                                                     RECEIVED NYSCEF: 11/21/2025

_Supreme_ Court of the State of New York

County of ___Kings___

CLERK'S COUNTY CLERK
RECEIVED

2025 NOV 18  AM 11: 32

### NOTICE OF APPEAL

Index No.:

___514761 / 2022___

PLEASE TAKE NOTICE that *(insert your name)* ___Amit Itshaik___

hereby appeals to the Appellate Division of the Supreme Court of the State of New York, Second

Judicial Department, from a *(insert judgment, order, decree, etc.)* ___order___ of the

___Supreme___ Court, ___Kings___ County, dated

___October 20, 2025___.

Dated: ___November 18___, New York
_____ ___, 20 _25_

Yours, etc.,

_____
Signature

(Print Name)        ___Amit Itshaik___

(Address)           ___118 Indiana Place Brooklyn NY___  11231

(Telephone Number)  ___310 - 259 - 2230___

To:    *(Insert below the name and address of the clerk of the trial
       court and the names and addresses of all opponents)*

# Supreme Court of the State of New York
# Appellate Division:          Judicial Department

Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced, or as amended. | For Court of Original Instance |
|---|---|
| Valley National Bank<br><br>- against -<br><br>Sami Itshaik, 1052 East 57th Street Trust, Sami Itshaik, Trustee, 1138 East 57th street trust, Sami Itshaik, Trustee | November 18, 2025<br><br>Date Notice of Appeal Filed<br><br>**For Appellate Division** |

| Case Type | | Filing Type | |
|---|---|---|---|
| ☑ Civil Action | ☐ CPLR article 78 Proceeding | ☑ Appeal | ☐ Transferred Proceeding |
| ☐ CPLR article 75 Arbitration | ☐ Special Proceeding Other | ☐ Original Proceedings | ☐ CPLR Article 78 |
| ☐ Action Commenced under CPLR 214-g | ☐ Habeas Corpus Proceeding | ☐ CPLR Article 78 | ☐ Executive Law § 298 |
| | | ☐ Eminent Domain | ☐ CPLR 5704 Review |
| | | ☐ Labor Law 220 or 220-b | |
| | | ☐ Public Officers Law § 36 | |
| | | ☐ Real Property Tax Law § 1278 | |

**Nature of Suit:** Check up to three of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☐ Administrative Review | ☐ Business Relationships | ☐ Commercial | ☐ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☐ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ☐ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☑ Real Property (other than foreclosure) | ☐ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement - Civil

| Appeal | | | |
|---|---|---|---|
| **Paper Appealed From (Check one only):** | | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. | |
| ☐ Amended Decree | ☐ Determination | ☑ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ☐ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☐ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

Court: Choose Court *Supreme Court*    County: Choose County
Dated: 10 20 2025    Entered: 10 20 2025
Judge (name in full): Hon. Reginald A. Boddie    Index No.: 514761 2022
Stage: ☐ Interlocutory ☑ Final ☐ Post-Final    Trial: ☐ Yes ☑ No    If Yes: ☐ Jury ☐ Non-Jury

### Prior Unperfected Appeal and Related Case Information

Are any appeals arising in the same action or proceeding currently pending in the court?    ☐ Yes ☐ No
If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.

Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:

### Original Proceeding

Commenced by: ☑ Order to Show Cause ☐ Notice of Petition ☐ Writ of Habeas Corpus    Date Filed:
Statute authorizing commencement of proceeding in the Appellate Division:

### Proceeding Transferred Pursuant to CPLR 7804(g)

Court: Choose Court    County: Choose County
Judge (name in full):    Order of Transfer Date:

### CPLR 5704 Review of Ex Parte Order:

Court: Choose Court    County: Choose County
Judge (name in full):    Dated:

### Description of Appeal, Proceeding or Application and Statement of Issues

Description: If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding. If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed. This is an appeal from the October 20, 2025 order of the Supreme Court, Kings County (Hon. Reginald Boddie) denying appellant's OTSC for a stay pending appeal under CPLR 5519 in the underlying procedding. Valley National Bank v. Sami Itshark (514761/2022) which vacated

Informational Statement - Civil alleged fraudulent trust deeds and authorized a sheriff's Sale of trust properties

## Attorney Information

Instructions: Fill in the names of the attorneys or firms for the respective parties. If this form is to be filed with the notice of petition or order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided. In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

| | |
|---|---|
| Attorney/Firm Name: Bruce Goodman ZEK Law Zeichner Ellman+ Krause | |
| Address: 730 Third Ave | |
| City: New York  State: NY  Zip: 10017 | Telephone No: 212-223-0400 |
| E-mail Address: BGoodman@zeklaw.com | |
| Attorney Type: ☑ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice | |

Party or Parties Represented (set forth party number(s) from table above):

| | |
|---|---|
| Attorney/Firm Name: Poltielov & Habib LLP | |
| Address: 118-21 Queens Blvd Suite 603 | |
| City: Forest Hills  State: NY  Zip: 11375 | Telephone No: 718-520-0085 |
| E-mail Address: ariel@FBLawyersNY.com | |
| Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice | |

Party or Parties Represented (set forth party number(s) from table above):

| | |
|---|---|
| Attorney/Firm Name: Amit Itshaik | |
| Address: 118 Indiana Place | |
| City: Brooklyn  State: NY  Zip: 11234 | Telephone No: 310-259-2230 |
| E-mail Address: amit1022@hotmail.com | |
| Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☑ Pro Se  ☐ Pro Hac Vice | |

Party or Parties Represented (set forth party number(s) from table above):

| | |
|---|---|
| Attorney/Firm Name: | |
| Address: | |
| City:  State:  Zip: | Telephone No: |
| E-mail Address: | |
| Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice | |

Party or Parties Represented (set forth party number(s) from table above):

| | |
|---|---|
| Attorney/Firm Name: | |
| Address: | |
| City:  State:  Zip: | Telephone No: |
| E-mail Address: | |
| Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice | |

Party or Parties Represented (set forth party number(s) from table above):

| | |
|---|---|
| Attorney/Firm Name: | |
| Address: | |
| City:  State:  Zip: | Telephone No: |
| E-mail Address: | |
| Attorney Type: ☐ Retained  ☐ Assigned  ☐ Government  ☐ Pro Se  ☐ Pro Hac Vice | |

Party or Parties Represented (set forth party number(s) from table above):

Informational Statement - Civil

Issues: Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review, the grounds for reversal, or modification to be advanced and the specific relief sought on appeal.

The issues on appeal include wether the trial court erred in failing to address due process violations under Mullane v. Central Hanover Bank & trust Co (1950) and CPLR 1001 requirments for formal joinder and notice to necessary parties, including known trust beneficiaries with a vested intrest. 2. wether the proceedings were defective due to the trustee's pre action resignation, leaving the trusts without valid representation (3) Wether the court abused its discretion by relying on plantiff's mischaracterizations.

Vacate Underlying Judgement and remand to trial court for joinder of necessary parties.

Party Information

Instructions: Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any. If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

| No. | Party Name | Original Status | Appellate Division Status |
|-----|-----------|-----------------|---------------------------|
| 1 | Valley National Bank | Plantiff | respondent |
| 2 | Amit Itshaik | motavant | appellant |
| 3 | Sami Itshaik | Defendant | respondent |
| 4 | 1052 E 57m st trust, Sami Itshaik, Trustee | Defendant | respondent |
| 5 | 1138 E 57m St trust, Sami Itshaik, Trustee | Defandant | respondent |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Informational Statement - Civil

Case 1-23-43631-ESM Doc 100 Filed 04/27/26 Page 42 of 45

At an IAS Commercial Term Part 12, of the
Supreme Court of the State of New York,
held in and for the County of Kings, at the
Courthouse, located at 360 Adams Street,
Borough of Brooklyn, City and State of New
York, on the 17th day of October 2025.

P R E S E N T:
Honorable Reginald A. Boddie, JSC
----------------------------------------------------------------x,

Valley National Bank,                              Index No. 514761/2022

             Plaintiff,                    Cal No. 22  MS 3

      -against-

Sami Itshaik, 1052 East 57th Street Trust, Sami
Itshaik, Trustee, 1138 East 57th Street Trust, Sami
Itshaik, Trustee,

             Defendants.
----------------------------------------------------------------x

The following e-filed papers read herein    NYSCEF Doc Nos.
MS 21                                 Doc. Nos. 95-110

Upon the foregoing papers, and the affidavit of Amit Itshaik, sworn to September 26, 2025,

an Order is sought, pursuant to CPLR § 5519 (c), staying and restraining Plaintiff, Valley National

Bank, the Sheriff of Kings County, and their agents, successors, or assigns, from conducting or

taking any steps toward conducting the Sheriff's sale of the properties located at 1052 East 57th

Street, Brooklyn, NY, and 1138 East 57th Street, Brooklyn, NY, pending determination of this

motion and the appeal filed herein.

The within action involved a dispute between Valley National Bank, hereinafter "Plaintiff"

or "VNB," and Sami Itshaik, individually, and as representative of 1052 East 57th Street Trust and

1138 East 57th Street Trust, hereinafter "Trusts" and collectively "Defendants." In brief, Plaintiff

alleged that after providing Itshaik and his cab companies substantial loans of approximately $4.7 million dollars, which Itshaik personally guaranteed, Itshaik and his companies defaulted. It was further alleged that after the bank obtained numerous judgments against Itshaik, personally, as well as against his cab companies, in a separate action under Index No. 65548/2020, in the New York County Commercial Division (Cohen, J.), he caused fraudulent Trust deeds to be filed with the City Register in an attempt to disclaim his ownership of the properties located at 1052 East 57th Street and 1138 East 57 Street, in Brooklyn, which VNB considered to be additional collateral for the loans. After trial, the Court found in favor of Valley National Bank and granted various relief, including that the false deeds be vacated and set aside.

Amit Ishaik, movant and brother of Defendant Sami Itshaik, by this motion seeks a stay of the decision pending appeal. Amit Ishiak asserted that he stores and maintains personal property at the subject premises which would be impacted if the premises were to be sold. He also alleged that he is a beneficiary of the alleged Trusts, had no notice of these proceedings, and that he would lose all rights in the premises without proper notice.

Plaintiff contends that it seeks to levy on the properties in partial satisfaction of the judgments it has against Sami Itshaik, with the post-judgement amount totaling at least 7 million dollars, and that this is a baseless attempt by the son of Sami Itshaik to obstruct collection of the debt. Plaintiff produced various documents and emails, annexed to its papers, that establish that Amit Itshaik and the alleged beneficiaries of the Trusts have had full knowledge of the proceedings in this Court, and in New York County, and have been represented by counsel, R. Ariel Politelov, Esq. and Steven A. Bilosi, Esq. Moreover, Mr. Politelov filed the Notices of Appeal in this action. Plaintiff also alleges that A. Ishaik lacks standing to stay the sheriff's sale, and that Plaintiff would be severely prejudiced if a stay were granted because Plaintiff is owed a significant amount of

Case 25-425, Document 10, 10/20/2025  Filed 04/25/26  Page 44 of 45

money and there is no merit to the appeal. For all of the reasons stated and detailed in Plaintiff's

Memorandum of Law in Opposition, the motion seeking a stay pending determination of this

motion and the appeal filed herein is denied, and the TRO vacated.


ENTER:

_____

Honorable Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.


3

**AFFIDAVIT OF SERVICE**
*After Commencement of Litigation*

Valley National Bank _____ vs. Sami Itshaik, 1052 E 57th street trust, Sami Itshaik, Trustee, 1138 E 57th street Trust, Sami Itshaik, Trustee. Index No. 514761 , 2022

STATE OF NEW YORK, COUNTY OF KINGS ss:

Jaimi Bermel _____ being sworn says, I am not a party to the action, am over 18 years of age, and reside at 118 Indiand Place Brooklyn NY 11234

On November 18 , 20 25 , I served a true copy of the following papers, _____ notice of appeal

which are attached to this affidavit, in the following manner:

**[CHECK ONE]**

☐ **PERSONAL SERVICE**

By personally delivering the papers to: _____
*[Person Served]*

at _____
*[Address]*

The individual I served had the following: **[CHECK]**

☐ MALE     ☐ FEMALE     SKIN COLOR: _____     HAIR COLOR: _____

☐ 21-34 yrs.   ☐ 35-50 yrs.   ☐ 51-61 yrs.   ☐ over 61 yrs.

☐ 120-150 lbs. ☐ 151-181 lbs. ☐ Over 182 lbs. Approximate Height: _____

Other Distinguishing Features: _____

☑ **MAIL**

By mailing the same in a sealed envelope with postage prepaid thereon, in a post office or official depository of the US. Postal Service within the State of New York addressed to the last known address of the addressee(s) as indicated below:

☐ **OVERNIGHT DELIVER SERVICE**

By depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The delivery service used was

_____

Name and Address of Person(s) served:

Bruce Goodman ZEKlaw    730 third Ave NY, NY 10017
Poltielov + Habib    118-21 Queens Blvd suite 603 Forest Hills NY 11375

Sworn to before me on the 18 day of November , 20 25

JOSEPHINE BOURNE
Notary Public, State of New York
No. 04BO6325374
Qualified in Kings County
Commission Expires May 26, 2027

**[SIGN BEFORE A NOTARY PUBLIC]**

Jaimi Bermel

**[PRINT YOUR NAME]**